For meaning of Abreviations, See Ternary Digest, page XII.

### No. 729
### HOTEL WOOSTER v. SMITH et
### No. 19924. Supreme Court

On motion to certify. Dock. June 24, 1926; 4 Abs. 475.

313. CORPORATIONS—Where a corporation has been granted the use of a certain name by the secretary of state and shortly thereafter a partnership adopts the same name, may the corporation obtain an injunction restraining the partnership from the use of this name?

This action was brought originally in the Wayne Common Pleas by Hotel Wooster, Incorported against Alonzo C. Smith and John J. Kinney, partners doing business as Hotel Wooster, seeking an injunction restraining the partnership from the use of this name.

The judgment of the Common Pleas affirmed by the Court of Appeals was in favor of the partnership on the theory that the corporation had not used the name Hotel Wooster for a sufficient length of time to obtain a property right in said name. The corporation in the Supreme Court contends:

1. That under 8627 and 8628 GC. another corporation could not use this name because it would mislead the public and that therefore a partnership should be restrained from the use of the same name.

2. That it had used the name Hotel Wooster from January 27, 1925, being the date the articles of incorporation were filed; and that it had used said name for a sufficient length of time to obtain a property right therein.

Attorneys—W. Hart for Hotel Wooster; Critchfield & Etling for Smith et; all of Wooster.

### No. 730
### GLASS COATING CO. v. CLARK
### No. 19922. Supreme Court

On motion to certify. Dock. June 23, 1926; 4 Abs. 475.

313. CORPORATIONS—1. Where an individual has entered into a contract with a promoter of a prospective corporation which contract provided for the subscription of $5000 in stock contingent upon the procuring of subscriptions in the amount of $150,000 may the officers of said corporation release the subscriber from his duty without the authority of the stockholders and creditors?

2. Will delay caused by action of the capital issues committee of the Federal Government create in a subscriber the right to withdraw his subscription?

This action was brought originally in the Cuyahoga Common Pleas by The Glass Coating Company against Sherman S. Clark upon a stock subscription.

It appears that Clark in June 1917 subscribed to $5000 of stock in a corporation to be organized by one Nailler, said subscription being conditioned upon the procurement of subscriptions totalling $150,000. In August 1918 Clark was informed that subscriptions of $150 000 had been obtained and that the company would be organized immediately. The delay was caused by action of the Capital Issues Committee of the Federal Government. Clark failed to comply with the demand for payment of his subscription and in April 1919 pursuant to a conference with the officers, arrangement sfor the payment of $2000 were made. Clark claimed that the $2000 was paid on an additional subscription while the company claimed that said $2000 was in part payment of the $5000 subscription.

The Common Pleas directed a verdict in favor of the Company rendered judgment thereon, which judgment was reversed by the Court of Appeals.

The company in the Supreme Court contends:

1. That Clark could not withdraw his subscription after the conditions of ht subscription contract were fulfilled.

2. That the Appeals erred in finding accord and satisfaction between the parties because there was no evidence of authority of the officers of the company to allow such a settlement.

3. That the Appeals erred in holding that the questions in this case should be determined by a jury.

Attorneys—Davis, Young & Vrooman. for Company; Dustin, McKeehan, Merrick Arter & Stewart, for Clark; all of Cleveland.